VAN GESTEL, J.
INTRODUCTION
This matter is before the Court on the defendants’ motion for an order enforcing a settlement agreement reached after a mediation between the parties on January 16, 1998. On that date, the plaintiffs, who were present and represented by counsel, agreed to accept the defendants’ offer of settlement for injuries the plaintiffs had sustained in a motor vehicle accident. At the end of the mediation, the plaintiffs, their counsel, and both of the defendants’ counsel initialed a form entitled “Agreement.” The caption of the case and the words “75,000 including both claims w/hold harmless for future claims of PIP” were handwritten on the form under the word agreement.
After returning to his office, the plaintiffs’ counsel discovered an outstanding “lien" from the plaintiffs’ health insurer, along with additional medical bills in his file, which were not discussed at the mediation. The plaintiffs’ counsel then called the defendants’ counsel to inform them that the settlement agreement would not be accepted by the plaintiffs.
For the reasons discussed below, the defendants’ motion for an order enforcing the settlement agreement is ALLOWED.
DISCUSSION
The plaintiffs argue that there was not a complete agreement at the time the parties left the mediation and that the document which the parties initialed did not contain all of the terms of the settlement between the parties. According to an affidavit submitted in opposition to the defendants’ motion, the plaintiffs’ counsel states that an agreement on the figure of $75,000 was reached, but states that there was a disagreement regarding the effect of the PIP payments for medical bills.
Upon reviewing the “Agreement” dated January 16, 1998, it is clear that the parties had reached a complete settlement of their claims against both defendants. Regarding the PIP issue, the parties added to the Agreement the words “w/hold harmless for future claims of PIP.” In his affidavit, the plaintiffs’ counsel states that the defendants’ counsel made it clear during the mediation that they would require an agreement that the plaintiffs would not apply for additional PIP benefits subsequent to the settlement, and that the plaintiffs agreed to that condition. There is no evidence before the Court that the plaintiffs objected to these terms at the time they accepted the settlement offer at the end of the mediation.
Moreover, the plaintiffs urge the Court to infer that since a more formal release would be required by the parties, that all of the terms of the settlement were not agreed to. The Court is not persuaded by this argument. It is often the case that the complete terms of a settlement are orally agreed to and a formal release executed by the parties in the future. There is nothing here, however, that makes the execution of such a release a condition of the settlement.
The plaintiffs contend that the present case demonstrates a lack of mutual assent or meeting of the minds on all essential elements or terms in order to form a binding contract. See 17A Am.Jur.2d, Contracts, Sec. 26. This is not an agreement which is unenforceable because it is no more than an agreement to agree in the future on essential terms or one which does not adequately specify essential terms. Air Technology Corp. v. General Electric Co., 347 Mass. 613, 626 (1964). See, also, McCarthy v. Tobin, 44 Mass.App.Ct. 274, 277-78 (1998). There is no credible evidence before the Court that the plaintiffs objected to any of the terms noted on the Agreement or that there was not a complete agreement at the time the parties left the mediation.
The Court rules that the parties agreed on all of the elements of the settlement, and the Agreement initialed by the parties is enforceable as a contract. Gattereau v. Eastern Airlines, Inc., 1 Mass. L. Rptr. No. 27, 552 (1994), citing Peters v. Wallach, 366 Mass. 622, 628 (1975). All of the parties were present and represented by counsel who had full and apparent authority to act on their behalf. Hubbard v. Peairs, 24 Mass.App.Ct. 372, 377 (1989).
Accordingly, the Court will enforce the settlement agreement reached between the parties on January 16, 1998.
ORDER
It is therefore ORDERED that the defendants’ motion for an Order Enforcing Settlement Agreement be ALLOWED. Upon certification to the Court that payment of $75,000 has been made by the defendants to the plaintiffs on or before June 22, 1998, judgment shall enter dismissing this case.